**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard J. CARMEL, Defendant-Appellant.**

**No. 85–1831.**

United States Court of Appeals, Seventh Circuit.

Argued May 8, 1986.

Decided Sept. 25, 1986.

Thomas W. Flynn, Chicago, Ill., for defendant-appellant.

David J. Stetler, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

CUMMINGS, Chief Judge.

This case comes to us on appeal following defendant Richard J. Carmel's ("de-

fendant's") conviction for mail and wire fraud. Defendant raises several contentions concerning compulsive gambling as a basis for an insanity defense for non-gambling offenses and the propriety of his sentence. For the reasons set forth below, we reject defendant's contentions and affirm his conviction.

## I

For purposes of this appeal, only a brief summary of the facts is necessary. Defendant's mail and wire fraud convictions were as a result of a scheme to obtain seven and one-half million dollars by defrauding various entities over a ten-year period. Defendant acted in this fraudulent manner in order to support his compulsive gambling disorder. Defendant would repeatedly lose money in the stock market and then illegally obtain money so that he could buy additional stock options and attempt to recoup his losses. Defendant's unfortunate gambling disorder resulted in the destruction of both his legal career and his family life.

The district court rejected defendant's insanity defense based on his compulsive gambling disorder. Defendant subsequently waived his right to a jury trial, and his case was submitted to the district court by way of a stipulation of facts and exhibits. The district court found defendant guilty of twenty counts of mail and wire fraud, and sentenced him to five years in custody to be followed by a five-year period of probation. As a condition of his probation, defendant was ordered to make restitution to the maximum of his ability over the period of probation.

Defendant's chief contention on appeal is that the district court erred in rejecting his insanity defense based on his compulsive gambling disorder. The pertinent legal test of insanity in this Circuit for the relevant time period is the American Law Institute ("ALI") standard, which provides that:

> A person is not responsible for criminal conduct if, as the result of mental disease or defect, he lacks substantial capacity to appreciate the criminality of his conduct [the "cognitive" prong of the standard] or to conform his conduct to the requirements of the law [the "volitional" prong of the standard].

ALI, Model Penal Code § 4.01; *United States v. Sennett*, 505 F.2d 774 (7th Cir. 1974); *United States v. Shapiro*, 383 F.2d 680 (7th Cir.1967).[1] Defendant bases his insanity defense on his claim that he was unable to conform his conduct to the requirements of the law because of his compulsive gambling disorder.

This issue is best approached as a question of preliminary relevance: does there exist a sufficient nexus between the alleged disease of compulsive gambling and the non-gambling crimes charged? Prior to the adoption of the Federal Rules of Evidence, it was widely held that the appropriate legal standard for making this type of determination was the standard articulated by the D.C. Circuit in the case of *Frye v. United States*, 293 F. 1013 (D.C. Cir.1923). This case stated that the scientific thesis at issue (in the instant case, the thesis is that a compulsive gambler cannot conform his conduct to the requirements of the law regarding non-gambling offenses) must have "gained general acceptance in the particular field to which it belongs." *Frye*, 293 F. at 1014. This so-called "*Frye* standard" has recently been criticized, with some courts noting that the adoption of the Federal Rules of Evidence in 1975 casts

1. In the aftermath of the John Hinckley case involving an attempt on President Reagan's life, Congress altered the standard for insanity in order to make it more difficult for a defendant to prevail on an insanity defense. Effective October 12, 1984, the relevant legal test of insanity is contained in 18 U.S.C. § 20. This new standard makes several changes, including elimination of the volitional prong that was part of the ALI standard. Since the volitional prong is the only basis for an insanity defense based on a compulsive gambling disorder, this issue in the instant case will no longer be an issue in future appeals involving criminal conduct subsequent to October 12, 1984. In the instant case, however, defendant's criminal conduct occurred before October 12, 1984, and the government does not contend that this new standard should apply retroactively. We therefore apply the ALI standard in the instant case.

some doubt on the continued validity of the judge-made *Frye* standard. See *United States v. Hope*, 714 F.2d 1084, 1087 n. 3 (11th Cir.1983); see generally E.W. Cleary, McCormick on Evidence 606–608 (3d ed. 1984). This Circuit, however, has reaffirmed the *Frye* standard subsequent to the passage of the Federal Rules of Evidence. *United States v. Tranowski*, 659 F.2d 750, 755–756 (7th Cir.1981).

■ Several of our sister circuits have considered whether compulsive gambling can be the basis of an insanity defense to a non-gambling offense. Each of these circuits has approached the issue as a question of preliminary relevance, and has concluded that there is an insufficient nexus between the alleged disease of compulsive gambling and the non-gambling crime charged. *United States v. Gould*, 741 F.2d 45, 49–52 (4th Cir.1984) (thesis that a compulsive gambler lacks the capacity to conform his conduct to the requirements of the law prohibiting entry of banks with intent to steal does not have substantial acceptance in the relevant scientific discipline); *United States v. Torniero*, 735 F.2d 725, 731–732 (2d Cir.1984), certiorari denied, 469 U.S. 1110, 105 S.Ct. 788, 83 L.Ed.2d 782 (no showing of substantial acceptance among respected authorities in the mental health profession that a compulsive gambler is unable to resist the impulse to steal); *United States v. Lewellyn*, 723 F.2d 615, 618–620 (8th Cir.1983) (thesis that compulsive gamblers cannot conform their conduct to laws prohibiting embezzlement has not gained general acceptance in the fields of psychiatry and psychology). In *United States v. Davis*, 772 F.2d 1339, 1346–1347 (7th Cir.1985), certiorari denied, —— U.S. ——, 106 S.Ct. 603, 88 L.Ed.2d 581, we noted these three circuit court cases and the slightly varying standards these circuits used to evaluate the nexus between compulsive gambling and non-gambling offenses (*e.g.*, "substantial acceptance" versus "general acceptance"). In dicta, we approved the results reached by these three sister circuits. *Davis*, 772 F.2d at 1346–1347. Today, applying the *Frye* standard, we extend the result in *Davis* and

explicitly hold that there does not exist the requisite nexus between compulsive gambling and non-gambling offenses generally (and mail and wire fraud in particular) for a compulsive gambling disorder to serve as the basis of an insanity defense to such offenses. Although we assume without deciding that a compulsive gambling disorder is a "mental disease or defect," and leave open for another day the question whether such a disorder can be the basis of a defense to a gambling offense, such a disorder cannot be the basis of a defense to a non-gambling offense. Defendant's proffered insanity defense must therefore be rejected.

■ Defendant next challenges the restitution order that is a condition of his probation. Although defendant fails to articulate the precise problem with the restitution order, his citation of *United States v. Serhant*, 740 F.2d 548 (7th Cir.1984), indicates that his claim is that the restitution order lacks a guarantee that defendant's restitution will not exceed the actual loss caused by his criminal conduct. This claim is without merit. We have repeatedly stated that a restitution order must be definite and not exceed the amount of the actual loss caused by the conduct at issue. *United States v. Mischler*, 787 F.2d 240, 245 (7th Cir.1986); *United States v. Harris*, 761 F.2d 394, 404 (7th Cir.1985); *Serhant*, 740 F.2d at 555; *United States v. Lynch*, 699 F.2d 839, 845 (7th Cir.1983). In the instant case, Judge Will ordered defendant to make restitution to the maximum amount of his ability, as determined by the probation officer. It is undisputed that defendant's conduct caused an actual loss of seven and one-half million dollars. There is nothing in Judge Will's restitution order that even remotely suggests that the restitution amount will exceed this actual loss; Judge Will explicitly stated "not that you are going to come close to making seven and a half million dollars in restitution." Tr. at 151. No resentencing is necessary on this ground.

Defendant's final contention relates to the presentence report and the sentencing hearing. As part of the presentence report, a person was interviewed and made several remarks about defendant. Subsequently, defendant submitted a large packet of material to the district court for the court to consider in connection with the sentencing of defendant. This packet included a large number of letters from relatives, friends, and associates of defendant. One of the letters specifically disputed several factual assertions that were made by the person who was interviewed by the probation officer. Defendant never filed any motion alerting the court to these disputed factual assertions, nor did he raise this conflict at the sentencing hearing, even though Judge Will gave defense counsel the opportunity to do so.

 Defendant contends that Fed.R. Crim.P. 32(c)(3)(D) was not followed by the district court. Rule 32(c)(3)(D) provides that:

> (D) If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Rule 32(c)(3)(D) serves two important purposes: to ensure that a defendant receives a fair sentence, and that any subsequent persons who rely on the presentence report are aware of any inaccuracies. *Kramer v. United States,* 798 F.2d 192, 193–194 (7th Cir.1986); *United States v. Mischler,* 787 F.2d 240, 246 (7th Cir.1986); *United States v. Eschweiler,* 782 F.2d 1385, 1387 (7th Cir.1986). Any factual inaccuracy in the presentence report must either be resolved or not relied upon by the district court in sentencing, and we have repeatedly remanded cases for failure to observe this important rule. See, *e.g., United States v. Sosa,* 789 F.2d 1257, 1262 (7th Cir.1986); *Kramer v. United States,* 788 F.2d 1229, 1231 (7th Cir.1986); *United States v. Hamm,* 786 F.2d 804, 807 (7th Cir.1986); *Eschweiler,* 782 F.2d at 1388. However, in order to impose the duty upon the sentencing judge either to resolve the factual dispute or affirmatively state that he is not relying upon the disputed fact in his sentencing of the defendant, the defendant must first allege the factual inaccuracy. The rule is broad in what it classifies as a sufficient allegation: it is enough if the comments of defendant and his counsel, or testimony or other information introduced by them, allege a factual inaccuracy in the report. But it is not enough for defendant merely to submit a large packet of letters, one of which disputes elements of the presentence report, without in any other way bringing the factual dispute to the attention of the sentencing judge. Because defendant failed to sufficiently allege in the district court the factual dispute in the presentence report, the issue is waived for purposes of this appeal. See *United States v. Petty,* 798 F.2d 1157, 1162, (8th Cir.1986) (a vague and cryptic comment by defense counsel which does not allege any specific inaccuracies is insufficient to trigger the requirements of Rule 32(c)(3)(D)). See generally *National Metalcrafters v. McNeil,* 784 F.2d 817, 825 (7th Cir.,1986) (both a district court and a circuit court of appeals are entitled to disregard an issue raised but presented in a perfunctory and underdeveloped manner).

For the reasons set forth above, defendant's conviction is affirmed.