7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith WEBSTER, Defendant-Appellant.
 No. 93-1523.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Keith Webster ("Webster") pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2). The district court sentenced Webster to 37 months' imprisonment for the conspiracy conviction and 60 months' imprisonment for the firearms offense, the sentences to run consecutively. Webster now challenges his sentence. We affirm.
 
 
 2
 Webster first asserts that the district court failed to determine the amount of cocaine attributable to Webster as the object of the conspiracy in violation of Application Note 1 of § 1B1.3 of the Sentencing Guidelines. This argument is without merit. A review of the change of plea hearing reveals that the district court clearly found that 13 ounces of cocaine were the object of the conspiracy and would be used to determine the applicable guideline range. At the sentencing hearing the district court adopted the facts set forth in the presentence investigative report which included the fact that the defendant was responsible for 368.55 grams (13 ounces) of cocaine.
 
 
 3
 Webster next asserts that the district court failed to exclude ten ounces of cocaine from the object of the conspiracy in violation of Application Note 12 to § 2D1.1 of the Sentencing Guidelines. Webster argues that he did not intend to produce and was not reasonably capable of producing the ten ounces of cocaine and therefore this amount should not have been used to determine his offense level.
 
 
 4
 This court reviews challenges to the sentencing decision of a district court under a deferential standard. United States v. Boyer, 931 F.2d 1201, 1203-04 (7th Cir.1991). "Ascertaining the quantity of drugs involved in an offense for the purpose of sentencing is a factual determination subject to the clearly erroneous standard." United States v. Buggs, 904 F.2d 1070, 1078 (7th Cir.1990).
 
 
 5
 Webster filed no objection in the district court to the factual finding in the presentence report that the object of the conspiracy was 13 ounces of cocaine. At the sentencing hearing Webster stipulated to this finding without objection. The finding was then adopted by the district court. Webster did not allege at any time in the district court a factual inaccuracy in the presentence report concerning the amount of cocaine which was the object of the conspiracy. Webster therefore waived this issue for purposes of this appeal. United States v. Carmel, 801 F.2d 997, 1000 (7th Cir.1986). We can review Webster's claim for plain error only. Fed.R.Crim.P. 52(b). A plain error is an error that results in "an actual miscarriage of justice." United States v. Silverstein, 732 F.2d 1338, 1349 (7th Cir.1984), cert. denied, 469 U.S. 1111 (1985).
 
 
 6
 The record reveals that the decision of the district court to adopt the factual finding in the presentence report concerning the amount of cocaine was not plain error. Webster relies heavily on United States v. Ruiz, 932 F.2d 1174 (7th Cir.1991), in which we vacated the defendant's sentence. In Ruiz the defendant stated that he could obtain "even ten more" kilograms of cocaine during negotiations without any other evidence presented concerning defendant's ability to obtain this amount of cocaine. Id. In this case, however, Webster stated that he would have an additional ten ounces of cocaine and a 12-gauge sawed-off shotgun for sale the next day in exchange for $11,000. Special Agent Paul Harding ("Harding") of the Bureau of Alcohol, Tobacco, and Firearms promised to purchase the cocaine and shotgun. Unlike the statement in Ruiz, Webster's offer to sell an additional ten ounces of cocaine was not mere braggadocio. Id. at 1184. Rather, in this case Webster actually arranged the details of the drug sale for an additional ten ounces of cocaine and was arrested with a smaller amount of cocaine before the larger deal was completed. Id. Ruiz thus is inapplicable to these facts. The decision of the district court that Webster either intended to produce or was reasonably capable of producing ten ounces of cocaine was not plain error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record