69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald E. GANAWAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2119.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 23, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Donald E. Ganaway appeals from the denial of his petition to vacate or set aside his sentence, 28 U.S.C. Sec. 2255. Following a bench trial, Ganaway was convicted of distribution of less than 500 grams of cocaine, 21 U.S.C. Sec. 841(a)(1), for which he was sentenced to 24 months' imprisonment, and using and carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. Sec. 924(c), for which he was sentenced to five years' imprisonment, the sentences to run consecutively. We affirmed. United States v. Ganaway, No. 90-1180 (7th Cir. June 7, 1991) (unpublished opinion).
 
 
 2
 Ganaway first attempts to challenge the sufficiency of the indictment on the basis that it charges "armed while dealing" rather than "using or carrying" a firearm. The issue, however, is waived for failure to raise it on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992) (section 2255 motion is not a substitute for a direct appeal).
 
 
 3
 Ganaway is also precluded from raising a challenge to the sufficiency of the evidence, since we previously considered and rejected this argument in the direct appeal, and will not revisit the issue here. See Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995); Belford, 975 F.2d at 313. Ganaway maintains that he is not challenging the sufficiency of the evidence, but instead is arguing that certain government witnesses committed perjury during the trial. Ganaway's assertion that the witnesses lied, which is really little more than an attack on their credibility, does not constitute the type of changed circumstances that warrant reconsideration of an issued decided on direct appeal. See Scott v. United States, 997 F.2d 340, 342 (7th Cir.1993).
 
 
 4
 Noting that he was granted leave to proceed in forma pauperis, Ganaway argues that it was error for the district court to impose a $4,000 fine. Ganaway asserts that the PSR was inaccurate in that it reported his home as an asset when in fact the bank had foreclosed on the mortgage. Ganaway also states that he told the sentencing court, "Yes, all of my assets are false." Ganaway is required, however, to assert with specificity and clarity each factual dispute alleged to be present in the PSR. United States v. Carmel, 801 F.2d 997 (7th Cir.1986). At the sentencing hearing, Ganaway informed the court that the bank had foreclosed on the mortgage. The government did not object, and therefore no factual dispute existed and the sentencing court was not required to make specific findings on this point. Moreover, at sentencing, the district court found that even if Ganaway had few assets, he was a young man with above-average intelligence and therefore had the ability to use his future earning capacity to pay a $4,000 fine. In addition, the record shows that the district court complied with the relevant factors, see 18 U.S.C. Sec. 3572(a), before imposing the fine.
 
 
 5
 Ganaway raises the claim of ineffective assistance of both trial and appellate counsel. Under Strickland v. Washington, 466 U.S. 668 (1984), he must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's professional error the result of the proceeding would have been different. Strickland, 466 U.S. at 687, 694.
 
 
 6
 Ganaway argues in regard to the Sec. 924(c) count that trial counsel should have argued that he did not use a firearm in relation to a drug-trafficking crime but instead merely possessed it. The evidence was fully examined at trial, and the court was justified in finding that the evidence showed beyond a reasonable doubt that Ganaway used the gun in relation to a drug-trafficking crime. See United States v. Ocampo, 890 F.2d 1363, 1371 (7th Cir.1989) (gun in car accessible to defendant during drug offense supports Sec. 924(c) conviction).
 
 
 7
 Ganaway maintains that trial counsel should have challenged the affidavit underlying the arrest warrant and the grand jury testimony. The affidavit is hardly ground for error since Ganaway was later indicted by a grand jury. As to the grand jury testimony, Ganaway offers no basis on which counsel could have challenged that testimony.
 
 
 8
 Ganaway contends that trial counsel was ineffective in advising him to waive his right to a jury trial. Ganaway agreed to this strategic decision when he waived his right to a jury trial in open court. See United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir.1989) (where defendant "agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel"). Moreover, as the district court explained, it is not unreasonable to advise against a jury trial where defendant attacks only the gun charge, and the evidence regarding the defendant's using and dealing cocaine may very well taint the jury's verdict with regard to other charges against him. Under the circumstances, the advice was reasonable.
 
 
 9
 Ganaway also contends that trial counsel was ineffective in not arguing that there a conflict of interest arose when one of his attorneys, Mr. McFadden, later became a prosecutor. This make little sense, since nothing indicates that Mr. McFadden had a conflict of interest at the time of Ganaway's trial.
 
 
 10
 Ganaway next argues that trial counsel was ineffective in permitting the government to introduce at sentencing evidence of 27.2 grams of cocaine distributed to a confidential information on April 25, 1989. Ganaway was arrested with 0.9 grams of cocaine in his possession. Five days earlier, he had delivered the 27.2 grams to a government informant. The sentencing court could properly consider drugs sold outside of the charged conduct as relevant conduct. U.S.S.G. Sec. 1B1.3(a)(2). See United States v. Livingston, 936 F.2d 333, 335 (7th Cir.1991); United States v. Holguin, 868 F.2d 201, 205 (7th Cir.1989).
 
 
 11
 Ganaway also makes several references to the question of whether the sentencing court erred in not reducing his offense level for acceptance of responsibility. U.S.S.G. Sec. 3E1.1. The fact that Ganaway chose to go to trial does not preclude the reduction, see United States v. Rivero, 993 F.2d 620, 624 (7th Cir.1993), but Ganaway contested his factual guilt as to the weapons count. He testified, for example, that he did not know the gun was in his car until the police arrived. In addition, a defense witness, Mickey Dorsett, testified that he left the gun in Ganaway's car without telling Ganaway. The sentencing court was entitled to find that Ganaway did not accept responsibility for the conduct underlying the weapons charge. See United States v. Curtis, 37 F.3d 301, 309 (7th Cir.1994); United States v. Osmani, 20 F.3d 266, 269-70 (7th Cir.1994).
 
 
 12
 Ganaway's claim that appellate counsel was ineffective for failure to argue that the government's witnesses perjured themselves also fails. As discussed above, Ganaway offers nothing more than unsupported assertions that the witnesses lied, and unfounded attacks on their credibility. Ganaway has failed to adequately support his claim of ineffective assistance of counsel.
 
 
 13
 Accordingly, the judgment of the district court denying defendant's Sec. 2255 petition is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record