UNITED STATES of America,
Plaintiff-Appellee,

v.

Dedorise Daniel DOYAL, Defendant-
Appellant.

No. 72–1279.

United States Court of Appeals,
Fifth Circuit.

June 27, 1972.

Dedorise Daniel Doyal, pro se.

William S. Sessions, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, Dedorise Daniel Doyal, was charged under a four-count indictment with illegal importation of cocaine and with assaulting federal customs officers. Pending his trial, the appellant deposit-

ed $3,500 in bail with the federal district court. A jury returned a verdict of guilty on each count of the indictment, and on direct appeal the appellant's conviction was affirmed by this court, United States v. Doyal, 5 Cir. 1971, 437 F.2d 271. Prior to that affirmance, the Internal Revenue Service placed an administrative levy on the Clerk of the District Court for the Western District of Texas in an attempt to seize the appellant's bail deposit and apply it toward his unpaid taxes. After this court's affirmance of his conviction, the appellant requested the federal district court to return the bail money, but the court declined to do so. Appellant thereupon filed in the same federal district court a motion to restrain the Internal Revenue Service from enforcing the tax levy against the $3,500 bail deposit. The government's motion to dismiss was granted by the trial court, and the appellant prosecuted this appeal.[1] The lower court's dismissal of the motion for an injunction was posited on a number of grounds. However, the basis of our affirmance of the dismissal is limited to the anti-injunction provision of the Internal Revenue Code.

■■ Section 7421(a) of the Internal Revenue Code of 1954 expressly provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C.A. § 7421(a). The statutory exceptions to this provision are limited to 26 U.S.C.A. §§ 6212(a) and (c), 6213(a), and 7426(a) and (b) (1). However, appellant has not demonstrated that he falls within any of the statutory exceptions, as he has not shown that the notice-of-deficiency procedures of either section 6212 or section 6213 have been followed, and section 7426 is not available to per-

sons against whom the tax has been assessed. Also, appellant has not satisfied either of the requisites applicable to the judicial exception to the anti-injunction provision enunciated by the Supreme Court in Enochs v. Williams Packing & Navigation Co., 1962, 370 U.S. 1, 82 S. Ct. 1125, 8 L.Ed.2d 292. Since the appellant specifically alleged that the tax assessment against him is not erroneous, it has not been shown that the government will not ultimately prevail on the merits. In addition, the appellant has failed to allege or demonstrate that he would suffer irreparable injury if execution of the tax levy were effected. Thus, it is clear that the limited judicial exception to the anti-injunction provision in section 7421(a) is unavailing to the appellant. For these reasons we conclude that section 7421(a) bars issuance of the requested injunction.

■ Of course, our decision does not amount to an absolute prohibition to the enjoining of the Internal Revenue Service's attempted collection of the $3,500 bail. The appellant sought an injunction in this case alleging that the bail money was owned by a third party. Apparently, the appellant became disturbed that the government would seize a person's property to satisfy the tax liability of another. In such a situation the owner of the levied property can institute, under 26 U.S.C.A. § 7426, a civil action against the United States to recover property, or its value, taken as a result of a wrongful levy. Indeed, section 7426 is an express exception to the anti-injunction provision of section 7421(a), and under the provisions of section 7426(b) (1), a court can enjoin the enforcement of a wrongful levy. Of course, such an injunction can only be secured by a person who claims an interest in or lien on the levied property. Since the appellant specifically disclaimed any interest in the $3,500, he is

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

not entitled to the benefits of section 7426. For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.