**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Andrew ESCHWEILER,
Defendant-Appellant.**

Nos. 85–1058, 85–1536.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1985.

Decided Jan. 30, 1986.

Donald V. Morano, Chicago, Ill., for defendant-appellant.

Ted S. Helwig, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, EASTERBROOK, Circuit Judge, and GRANT, Senior District Judge.*

CUMMINGS, Chief Judge.

Andrew Eschweiler pled guilty to one count of distribution of cocaine, a violation of 21 U.S.C. § 841(a). He received a two-year sentence to run consecutive to a previous five-year sentence. The defendant appeals from the sentencing hearing, claiming a violation of Federal Rule of Criminal Procedure 32(c)(3)(D). He also appeals from the district court's refusal to exonerate his bail bond pursuant to Federal Rule of Criminal Procedure 46(f). This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

*Statement of the Case and Facts*

On April 12, 1984 the defendant Andrew Eschweiler was arrested while on appeal bond from a previous federal narcotics conviction.[1] He was indicted on May 3, 1984 with three counts of sales of cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1). Bail was set at $50,000 cash, which the defendant's brother posted, designating the defendant as recipient. The government requested a *Nebbia*[2] hearing to determine the source of the funds. The hearing was never held, but Eschweiler

was released on April 24, 1984 after additional security was posted.

On November 2, 1984 Eschweiler pled guilty to Count I (sale of 13.26 grams of cocaine) under a conditional plea agreement in accordance with Fed.R.Crim.P. 11(e)(1)(C). At the December 28, 1984 sentencing hearing, although not specifically asked, the defendant raised several objections to the presentence report. The judge did not refer to the objections, make findings, or state that he would not rely on the disputed facts in sentencing the defendant. The judge did, however, state the basis on which he was sentencing the defendant. Eschweiler received the maximum sentence under the plea agreement, two years to run consecutive to his previous five-year sentence. Eschweiler appeals from the sentencing hearing, claiming a violation of Fed.R.Crim.P. 32(c)(3)(D).

After the defendant was sentenced and he surrendered, he moved to exonerate the bond pursuant to Fed.R.Crim.P. 46(f). Judge Hart denied that motion on March 29, 1985 because the Internal Revenue Service (IRS) had levied against the $50,000 bail bond for back taxes it had assessed against the defendant.[3] The defendant appeals from the denial of his bond exoneration motion.

There are two issues before this Court on appeal.[4] First, whether the case should be remanded due to a violation of Fed.R. Crim.P. 32(c)(3)(D). Second, whether the bond posted as defendant's bail should be released to its proper owner under the mo-

---

\* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. Eschweiler's earlier conviction was upheld in *United States v. Eschweiler,* 745 F.2d 435 (7th Cir.1984), certiorari denied, — U.S. —, 105 S.Ct. 1188, 84 L.Ed.2d 334 (1985).

2. *United States v. Nebbia,* 357 F.2d 303 (2d Cir. 1966). A *Nebbia* hearing is conducted to determine the source of funds deposited as bail bond. The hearing is conducted to ensure that the funds provided are adequate to compel the defendant to return.

3. The judge had issued an earlier order releasing the additional security (real estate deeds) posted by the defendant's family.

4. Eschweiler does raise a further issue. He claims that the mandatory special parole provision of 21 U.S.C. § 841 is unconstitutional. However, we find it unnecessary to address this argument because the exact issue was recently decided in *United States v. Bridges,* 760 F.2d 151 (7th Cir.1985). In the *Bridges* decision this Court stated, "clearly sections 841(b)(1)(A) and (C) are not unconstitutional ...," 760 F.2d at 154, and addressed the very arguments raised here. See *id.* at 154 and n. 5.

tion to exonerate. We affirm both the sentence and the denial of the bail exoneration motion, but remand for full compliance with Rule 32(c)(3)(D).

## I. RULE 32(c)(3)(D)

### A. Purpose

When a defendant alleges inaccuracies in his or her presentence report, Fed.R. Crim.P. 32(c)(3)(D) [5] requires that the sentencing judge make written findings as to the allegations or a written determination that the disputed matters will not be relied upon for sentencing. The rule also requires that these written findings or determinations be attached to the presentence report. This rule was contained in the 1983 amendments to Rule 32.

Rule 32(c)(3)(D) serves a dual purpose. First, it protects a defendant's due process right to fair sentencing procedures, particularly the right to be sentenced on the basis of accurate information. Fed.R. Crim.P. 32 Advisory Committee notes; see *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592; *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct.

1252, 1255, 92 L.Ed. 1690; *United States ex rel. Welch v. Lane*, 738 F.2d 863, 864–865 (7th Cir.1984). Thus, in order to show a due process violation, the defendant must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence.[6] *United States v. Harris*, 558 F.2d 366, 375 (7th Cir.1977).

The second purpose of Rule 32(c)(3)(D) is to provide a clear record of the disposition and resolution of controverted facts in the presentence report. Advisory Committee notes, *supra; United States v. Rone*, 743 F.2d 1169 (7th Cir.1984). This record aids both appellate courts in their review of sentencing hearings and administrative agencies that use the report in their own decisionmaking procedures.[7] For example, if the court finds that information in the report is unreliable or simply decides not to rely on the disputed facts in sentencing, by following Rule 32(c)(3)(D) that decision will become part of the presentence report. This reduces the likelihood of later decisions being made on the basis of improper information. *United States v. Petitto*, 767 F.2d 607, 609 (9th Cir.1985). Moreover, if

---

**5.** Federal Rule of Criminal Procedure 32(c)(3)(D) provides:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

**6.** However, this standard need not be met to show a violation of Rule 32(c)(3)(D) requiring resentencing. See *infra* at I.B.

**7.** The 1983 amendments to Rule 32 came as a result of an empirical study that found abuses in the use of the presentence investigation report at sentencing. See Fennell & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1613, 1651

(1980). That study recognized the important role the presentence report plays following sentencing:

> The defendant's interest in an accurate and reliable presentence report does not cease with the imposition of sentence. Rather, these interests are implicated at later stages in the correctional process by the continued use of the presentence report as a basic source of information in the handling of the defendant. If the defendant is incarcerated, the presentence report accompanies him to the correctional institution and provides background information for the Bureau of Prisons' classification summary, which, in turn, determines the defendant's classification within the facility, his ability to obtain furloughs, and the choice of treatment programs. The presentence report also plays a crucial role during parole determination. Section 4207 of the Parole Commission and Reorganization Act directs the parole hearing examiner to consider, if available, the presentence report as well as other records concerning the prisoner. In addition to its general use as background at the parole hearing, the presentence report serves as the primary source of information for calculating the inmate's parole guideline score.

the record does not clearly reflect whether or not the information was relied on, appellate courts or prison officials may make incorrect assumptions about the disposition of alleged inaccuracies. Thus a court that fails to follow Rule 32(c)(3)(D) may not necessarily violate a defendant's right to due process; nonetheless, a violation of the Rule could require a remand for resentencing. See *id.; United States v. O'Neill*, 767 F.2d 780 (11th Cir.1985).

Both of these objectives are met when sentencing judges follow the procedures set forth in *United States v. Rone*, 743 F.2d 1169 (7th Cir.1984). *Rone* requires that the sentencing judge ask the defendant three questions in order to comply with Rule 32.[8] (1) whether the defendant has had an opportunity to read the report; (2) whether the defendant and defense counsel have discussed it; and (3) whether he or she wishes to challenge any facts in the report. *Id.* at 1174. This questioning process establishes a record reflecting that the defendant has had a realistic opportunity to read, discuss, and object to the report.[9]

If the defendant disputes a fact in the report, the requirements of subsection (D) are triggered. *Rone*, 743 F.2d at 1175. The sentencing judge is then obligated either to make written findings concerning the disputed matter or a written determination that the disputed matter will not be relied on for sentencing, and then attach it to the presentence report. *Id.* at 1175. These procedures, when strictly followed, ensure that the defendant's sentence is based on accurate and reliable information and that subsequent recipients of the re-

port are aware of whatever resolutions occurred at sentencing.

### B. Standard

■ The government in its brief has raised the issue of what burden the defendant must meet before resentencing under Rule 32(c)(3)(D) is required. The government argues that there should be no resentencing because the defendant has failed to show that the contested facts in the presentence report are actually false. The government incorrectly cites *Rone* as holding defendants to the *Harris* burden of raising grave doubt about the reliability or accuracy of the presentence report information in order to show a violation of the Rule. See *supra*, discussion at 1387. However, the court in *Rone* simply noted that the defendant had met the *Harris* standard for demonstrating a due process violation. The court stated, "The defendant, however, has met the burden, *which would have been imposed* even under the old rules and our [*Harris*] precedent ..." to show a due process violation. 743 F.2d at 1174 (emphasis added). The showing necessary to demonstrate a constitutional violation should not be confused with that required to make out a Rule 32 violation. Resentencing may be necessary under the Rule even though a defendant's right to due process has not been violated. *Petitto*, 767 F.2d at 610 ("although the due process sentencing standards ... were satisfied, rule 32 still requires a remand"); *United States v. O'Neill*, 767 F.2d 780, 787 (11th Cir.1985)(court found it unnecessary to address defendant's due process claim because the trial court's failure to comply

---

8. Rule 32(a) provides in pertinent part:
   (a) Sentence.
     (1) Imposition of Sentence. Sentence shall be imposed without unreasonable delay. Before imposing sentence, the court shall
     (A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B);
     (B) afford counsel an opportunity to speak on behalf of the defendant; and

   (C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

9. From the record it appears that the sentencing judge failed to meet the requirements of *Rone*. None of the questions was asked, except to the extent that the judge asked the defendant if he had anything to say before sentencing. Transcript, Dec. 28, 1984, at 9. However, the defendant does not argue on appeal that this violation requires resentencing.

with Rule 32(c)(3)(D) required resentencing); *United States v. Velasquez*, 748 F.2d 972, 974 (5th Cir.1984) (court ordered resentencing because district court failed to comply with a procedural rule). Thus all a defendant needs to show in order to be resentenced for a violation of Rule 32(c)(3)(D) is that (1) allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing. See *United States v. Travis*, 735 F.2d 1129, 1132–1133; *Petitto*, 767 F.2d at 611; *O'Neill*, 767 F.2d at 787; *Velasquez*, 748 F.2d at 974.[10] Unless the government can then demonstrate that the disputed facts were not relied upon, the defendant must be resentenced.

### C. *Application*

■ In this case the sentencing judge failed to meet the requirements of Rule 32(c)(3)(D). At the sentencing hearing the defendant objected to certain information contained in the report, alleging it to be false:

First of all, I wanted to mention that I am very upset about the numerous erroneous information that was given to you in the presentence report. They are false, many of them are false, and I would like to mention a few for the record.

I am not a big drug dealer. I was not making $15,000 a year—a night breaking up large quantities of five ounces in a pack.

Transcript, December 28, 1984, at 9.

According to *Rone*, when the defendant raises inaccuracies in the presentence report, the requirements of Rule 32(c)(3)(D) are triggered, 743 F.2d at 1175. Despite the defendant's allegations, the court here failed to make any findings to resolve the dispute. Nor did the court expressly determine that it would not rely on the allegations. The court did, however, state its reasons for the sentence imposed.

The government stressed during the sentencing hearing that the defendant was arrested on this drug charge while on appeal bond for a previous drug-related conviction. The government noted that to impose less than the maximum sentence (two years consecutive to the earlier five-year imprisonment) would leave the defendant virtually unpunished for this conduct. The court agreed:

---

10. Two recent court of appeals decisions are arguably contrary to this view. In *United States v. Castillo-Roman*, 774 F.2d 1280 (5th Cir.1985), the Fifth Circuit decided a case appealed under Fed.R.Crim.P. 35. The defendant objected to presentence report allegations that he was the leader of a group that smuggled illegal aliens across the Mexico-Texas border. He claimed that the district court made no findings or determination as required by Rule 32(c)(3)(D). The court opened its opinion by stating that to prevail on the Rule 35 motion the defendant was required to demonstrate that the information in the presentence report was materially inaccurate and that the judge relied on the information. *Id.* at 1283. The court held that the defendant failed to show reliance because the district court stated that it would not take into account the disputed information and on that basis denied the Rule 35 motion. *Id.* But then, after holding no abuse of discretion in denying the Rule 35 motion, the court went on to discuss the defendant's Rule 32 argument and found a technical violation that did not require resentencing. *Id.* at 1284–1285. Because the court proceeded to discuss the Rule 32 violation after determining that the defendant did not demonstrate inaccuracy and reliance, the court implicitly recognized that a lesser standard is sufficient for resentencing under Rule 32.

Similarly, in *United States v. Stewart*, 770 F.2d 825, 832 (9th Cir.1985) (citing *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984), the Ninth Circuit stated that (1) the defendant must show the contested information was false or unreliable and (2) relied upon by the judge when challenging sentencing procedures under Rule 32(c)(3)(D). *Id.* at 832. However, the court remanded for resentencing because, unlike *Ibarra*, the district court did not substantially comply with Rule 32. The court so held because it was left without knowing whether the disputed information was relied upon by the sentencing court. *Id.* (citing *United States v. Donn*, 661 F.2d 820, 825 n. 4 (9th Cir.1981). The court never discussed the falsity or unreliable requirement except for its initial statement requiring that the defendant so demonstrate. Instead, after simply finding that the sentencing court did not respond to allegations of falsity, the Ninth Circuit remanded.

I believe that there is truth in the Government's statement that if *any less of a sentence* were imposed in this case, it would be a travesty on the law and it would be an indication that your conduct can be condoned, and it cannot be condoned.

Transcript, December 28, 1984, at 12 (emphasis added).

■ The court obviously imposed the maximum sentence only because the defendant continued to deal in narcotics while on appeal from a previous narcotics conviction. This case is thus distinguishable from cases in which the sentencing judge clearly did rely on contested information in sentencing, see *Rone, id.* at 1175, and also from cases where it is unclear on what the sentence was based, see *Petitto,* 767 F.2d at 611. In so determining, we are mindful of the *Rone* Court's admonition not to "read between the lines" as to what took place at the sentencing hearing. 743 F.2d at 1175. Because the controverted facts clearly did not form any part of the basis for the sentence, a remand for sentencing is not required. In fact, 28 U.S.C. § 2111 compels this Court to ignore errors that are harmless. See also Fed.R.Crim.P. 52(a) ("Any error ... which does not affect substantial rights shall be disregarded.").

Recent cases from other circuits hold somewhat contrary to this result. In *United States v. Petitto,* 767 F.2d 607, 611 (9th Cir.1985), the Ninth Circuit held that any noncompliance with Rule 32(c)(3)(D) requires a remand for resentencing. See also *United States v. Travis,* 735 F.2d 1129, 1132–1133 (9th Cir.1984). Although the record in *Petitto* left it unclear whether the sentencing judge relied on the disputed information, the court noted that the same result had been reached in *Travis* where the record demonstrated that the court had not considered the relevant facts. *Petitto,* 767 F.2d at 610 (citing *Travis,* 735 F.2d at 1132–1133). Similarly the Eleventh Circuit in *United States v. O'Neill,* 767 F.2d 780,

787 (1985), held that a plain violation of Rule 32(c)(3)(D) without more mandated a remand for resentencing.

But requiring resentencing when the record is clear that the sentencing judge did not rely on a contested matter does not further the purpose of Rule 32(c)(3)(D). Because the sentencing judge here did not rely on the contested information, there is no concern that the defendant was sentenced on the basis of inaccurate or unreliable information.[11] Therefore, to the extent that these circuits hold that every violation of Rule 32(c)(3)(D) requires a resentencing, we decline to follow their strict interpretation of the Rule.

■ A remand is necessary, however, to fulfill the second purpose of Rule 32(c)(3)(D). Because the sentencing judge did not make a written determination and attach it to the presentence report, there is no record of this disposition of Eschweiler's allegations. Requiring attachment will further the Rule's goal of providing this Court and administrative agencies with a complete record to use in their decision-making processes. See *United States v. Castillo-Roman,* 774 F.2d 1280 (5th Cir. 1985); *United States v. Hill,* 766 F.2d 856, 858 (4th Cir.1985), certiorari denied, —— U.S. ——, 106 S.Ct. 257, 88 L.Ed.2d 263.

At oral argument, the government conceded that remand is necessary under *Petitto.* But on brief it argued that the defendant is not harmed by this omission because the contested material is merely a summary of defendant's previous trial and conviction, which is already contained in a previous presentence report and is part of his file. This "harmless error" argument is unpersuasive. The purpose of Rule 32(c)(3)(D) will be hindered by failing to correct and clarify the record for the future use of the presentence report. First, without the attached determination there will be no record that the defendant alleges the information to be false. Furthermore, agencies could infer both that the informa-

---

11. However, where it is unclear whether the sentencing judge relied on the contested infor-

mation, resentencing would resolve the matter.

tion was used in sentencing and that the defendant did not contest it. Thus the absence of the determination could attest to the veracity of the disputed facts when a finding of veracity was never made. For these reasons, the Court remands the case for attachment to the presentence report of a written determination that the contested facts were not relied upon in sentencing. As the Advisory Committee on the Criminal Rules has pointed out, this does not "impose an onerous burden." 8A Moore's Federal Practice 32.20.

## II. BAIL BOND LEVY

■ The second issue raised by the defendant is whether his bail bond should be exonerated and the funds returned to their proper owner. Eschweiler appeals from the denial of his Rule 46(f) motion to exonerate. Because this is not the proper vehicle for challenging the levy, we hold that the district court properly denied the motion.

The defendant attacks the levy on several grounds. First, he claims that the levy is invalid because he did not receive notice of a deficiency assessment as required by 26 U.S.C. § 6212.[12] Additionally, the defendant asserts that the IRS failed to comply with the 10-day waiting period of 26 U.S.C. § 6331,[13] rendering the subsequent levy invalid. See 26 U.S.C. § 6213. Finally, the defendant argues that levying against bail bonds is impermissible under the Eighth Amendment.

Unfortunately, the defendant failed to raise these issues properly below. A motion to exonerate is not the proper forum to present the district court with sufficient evidence upon which to make a decision. The defendant raised his factual contentions as to notice only in memoranda in support of the motion to exonerate. The government, particularly the IRS, did not have adequate opportunity to respond to the factual assertions.[14] Many factual issues need to be resolved before the validity of the levy can be established. For example, these significant facts remain unknown: (1) the date the IRS deficiency assessment was made; (2) the date the notice of deficiency was mailed; (3) the address to which the deficiency notice was mailed; (4) whether the defendant had actual or constructive notice of the deficiency; and (5) to whom the property belongs.

■ The government argues that the defendant cannot proceed in district court because he is barred by *United States v. Doyal,* 462 F.2d 1357 (5th Cir.1972), and 26 U.S.C. § 7421(a). In *Doyal,* the Fifth Circuit held that a defendant who asserted no interest in the attached bail bond funds could not recover the funds pursuant to a motion to exonerate. *Id.* The court found that the motion was an attempt to enjoin collection of a tax and was thus barred by § 7421(a).[15] *Id.* at 1358. The court went on to say that the proper action was for the owner of the property to bring a wrongful levy action under 26 U.S.C. § 7426(a)[16] to

---

**12.** 26 U.S.C. § 6212 provides that:

If the Secretary determines that there is a deficiency in respect of any tax imposed * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

**13.** 26 U.S.C. § 6331 provides that:

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax * * * by levy upon all property and rights to property * * * belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

**14.** Furthermore, the IRS was not a party to the motion, and thus had no opportunity to refute the defendant's notice allegations.

**15.** 26 U.S.C. § 7421(a) provides:

Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

**16.** 26 U.S.C. § 7426(a) provides:
(a) Actions permitted.—
(1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the

contest the validity of the attachment. *Id.;* see also *United States v. Neely*, 357 F.Supp. 713 (S.D.Fla.1973).

*Doyal* is distinguishable on three grounds. First, the defendant in *Doyal* was not alleging that the IRS had failed to follow proper notice and levy procedures. Second, he was asserting that the money belonged to someone else. Third, that defendant did not raise a constitutional claim.

In this case § 7421(a) does not apply because Eschweiler contends that the IRS failed to provide notice of the deficiency, as is required by § 6212, and attached the levy prior to the ten-day waiting period required by § 6331. Section 6213 states that § 7421(a) does not apply when the government seeks to enforce collection of a tax before the required waiting period.[17] Where the IRS fails to follow procedures for deficiency assessment and collection, § 7421(a) is inapplicable. *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416; *Valley Finance, Inc. v. United States*, 629 F.2d 162 (D.C.Cir.1980) (notice of deficiency is a jurisdictional prerequisite to the imposition of a tax lien and levies), certiorari denied *sub nom. Pacific Development, Inc. v. United States*, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389; *Shapiro v. Secretary of State*, 499 F.2d 527 (D.C.Cir.1974) (power of the IRS to levy is inoperative until failure or refusal

of taxpayer to pay the required amount), affirmed, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278. Accordingly the district court has jurisdiction to determine the validity of the levy and enjoin its enforcement.

Although the defendant contends in his brief that it is unnecessary to determine who owns the funds in question, a party challenging a levy must have sufficient interest in the levied property. See *Rosenblum v. United States*, 549 F.2d 1140, 1145 (8th Cir.1977), certiorari denied, 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74; *Flores v. United States*, 551 F.2d 1169, 1171 (9th Cir.1977). If the property belongs to someone other than the taxpayer, that person must bring suit under 26 U.S.C. § 7426. *Doyal*, 462 F.2d at 1358. If the taxpayer owns the property but wants to contest the validity of notice, he or she can file suit to enjoin enforcement of the levy in district court,[18] see § 6213; *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416; *Austin v. Voskuil*, 493 F.Supp. 780, 781 (E.D.Mo.1980); *Needham v. United States*, 564 F.Supp. 419, 421 (W.D.Okla.1983). A tricky question may arise if the defendant does not own the property, yet wants to raise a constitutional question; where is his or her forum? But that question is not before us because the defendant has sufficient property interest to challenge the levy.

person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

**17.** 26 U.S.C. § 6213 provides in pertinent part:

(a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * *[N]o levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer,* nor until the expiration of such 90-day or 150-day period, as the case may be, nor if

a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. *Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.* (Emphasis added.)

**18.** The defendant complains that he will be forced to file a "full blown suit" against the IRS if the bond funds are not released to the designated recipient. This "argument" does not persuade the Court. The defendant fails to explain why he should be treated any differently than any other citizen whose funds have been attached by the IRS for alleged back taxes owing. The proper course of action in such a situation is for the taxpayer or owner of the property to bring a suit against the IRS claiming improper notice or wrongful levy. See *United States v. National Bank of Commerce*, —— U.S. ——, 105 S.Ct. 2919, 2929, 86 L.Ed.2d 565.

When Eschweiler's bond was posted in April 1984, he was designated as the recipient of the $50,000 cash bail bond. The IRS attached the bond in August of 1984. It was not until well after that attachment that the designated recipient was changed.[19] That change in designation cannot defeat the prior interest of the IRS in the funds. Therefore, although the defendant had sufficient property interest to bring suit to enjoin enforcement of the levy, see *United States v. National Bank of Commerce*, —— U.S. ——, 105 S.Ct. 2919, 2929, 86 L.Ed.2d 565 (tax liens attach to rights to property), the district court's denial of his motion to exonerate was proper.

III. CONCLUSION

For the reasons set out in this opinion, we affirm the district court's sentence of the defendant and denial of the motion to exonerate, but remand for full compliance with the attachment provision of Rule 32(c)(3)(D).

---

**19.** The defendant's brother changed the designated recipient from the defendant to their mother on March 11, 1985. Although this procedure is authorized by the District Court Local Rules of the Northern District of Illinois, § 1.10 d, because the change was made after the levy attachment (August 1984) it is ineffective.