980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher D. UNGER, Defendant-Appellant.
 No. 92-1181.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Nov. 30, 1992.
As Modified on Denial of Rehearing and Rehearing
En Banc Aug. 6, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Christopher Unger pleaded guilty to conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana between January 1, 1986 and April 1, 1991. After the Presentence Report was completed, Mr. Unger objected to the factual allegations which found him responsible for more than 400 pounds of marijuana. The district court concluded that a conspiracy involving between one thousand and three thousand kilograms of marijuana was reasonably foreseeable by Unger. On appeal, Mr. Unger contends that in computing his sentence, the district court improperly relied on a finding of reasonable foreseeability without first resolving disputed facts or responding to the alleged factual inaccuracies in the presentence report as required by Federal Rule of Criminal Procedure 32(c)(3)(D). We affirm the district court's findings as sufficient to satisfy the purposes of Rule 32 but remand to allow the court to append these findings to the presentence report.
 
 II. ANALYSIS
 
 2
 A. Federal Rule of Criminal Procedure 32(c)(3)(D)
 
 
 3
 Objections were raised to the presentence report as well as at the sentencing hearing. Unger disputed the quantity of marijuana involved in the conspiracy claiming that the 1,000 kilogram amount was based upon uncorroborated and exaggerated estimates by his co-conspirators. In addition, specific objections were made to the inclusion of 2,000 pounds from transactions which occurred between the fall of 1988 and April 1989, and to the amount delivered in the summer of 1988 as 300 pounds instead of 80 pounds. At most, Mr. Unger acknowledged responsibility for 400 pounds of marijuana.
 
 
 4
 Federal Rule of Criminal Procedure 32(c)(3)(D) requires the court to respond to the matters controverted either by making (1) a finding as to each allegation or (2) a determination that the disputed matter will not be relied on for sentencing. United States v. Coonce, 961 F.2d 1268, 1277 (7th Cir.1992); United States v. Jewel, 947 F.2d 224, 234 (7th Cir.1991); United States v. Eschweiler, 782 F.2d 1385, 1388 (7th Cir.1986). A written record of the court's findings or determination must be attached to the presentence report. Fed.R.Crim.P. 32(c)(3)(D). However, as long as the record reflects that disputed issues have been resolved or that the contested facts were not relied on in sentencing, the purposes of Rule 32 will be deemed satisfied and resentencing is unnecessary. Coonce, 961 F.2d at 1278; United States v. Canino, 949 F.2d 928, 951 (7th Cir.1991), cert. denied, 112 S.Ct. 1940 (1992); see also United States v. Slaughter, 900 F.2d 1119, 1123 (7th Cir.1990); United States v. Montoya, 891 F.2d 1273, 1280 (7th Cir.1989).
 
 
 5
 Unger triggered the protections of Rule 32 by alleging facts which disputed the extent of his involvement in the 1,000 kilogram conspiracy. In his statement to the court, Unger acknowledged only two sales to Sawyer of 65 to 80 pounds which were purchased by Hausknecht, and one sale directly to Bischel in the summer of 1988 for about 60-80 pounds. Unger claims he had no other dealings with Hausknecht or Bischel until November 17, 1989 when Bischel, cooperating with the government in a taped phone conversation, discussed the purchase of 300 pounds from Unger.
 
 
 6
 Our review of the sentencing transcript indicates that the district court did not expressly address the specific disputed quantities. Yet, the district court found it foreseeable by Unger that the conspiracy involved at least 1,000 kilograms of marijuana. In reaching this conclusion, the court specifically stated reliance on the taped phone conversation discussing 300 pounds with co-conspirator Bischel, the defendant's intelligence, coupled with the distances travelled by his co-conspirators to transact drug deals, and the lack of objections by any co-conspirators as to the 1,000 kilogram amount. (Sentencing Tr. at 44-46).
 
 
 7
 In addition, an addendum to the presentence report summarized the defendant's objections as well as the government's response. While the probation office did not take a position on the objections, it noted that the office relied on the government's version of the facts in making the presentence report and recommendation for sentencing. Aside from 80 pounds of marijuana delivered in the fall of 1989 by Hoelzl to Bischel -- which the government brought to the court's attention as not attributable to Mr. Unger -- the court resolved the objections to the presentence investigation raised in the defendant's memorandum against Mr. Unger. At the conclusion of sentencing, the court specifically adopted the factual statements contained in the presentence report as its findings of fact.[1] (Sentencing Tr. at 46). Adoption of the facts as set forth in the presentence report is sufficiently specific to constitute a factual finding under Rule 32(c)(3)(D). See, e.g., Montoya, 891 F.2d at 1280 (sentencing judge's agreement with probation officer's opinion on disputed issue was sufficient factual finding under Rule 32). We cannot conclude that these factual findings were clearly erroneous. Coonce, 961 F.2d at 1280.
 
 
 8
 In sum, although the district court did not specifically refer to the factual allegations objected to by Mr. Unger at the sentencing hearing, we find the adoption of the facts as set forth in the presentence report is a sufficient finding as to the matters controverted and, thus, satisfies the purpose of Rule 32(c)(3)(D). Therefore, remand for resentencing is not necessary. However, we remand for the limited purpose of directing that the findings of the court be appended to the presentence report for the benefit of the Bureau of Prisons and others who later may need to rely on these findings.[2] United States v. Villasenor, et. al., No. 91-1107, slip op. at 13 (7th Cir. Oct. 8, 1992). Although they merit less discussion, we now address the other arguments Mr. Unger presents in support of resentencing.
 
 
 9
 B. Quantity of marijuana attributed to the conspiracy
 
 
 10
 We review with deference the district court's factual findings in response to Mr. Unger's objection that the quantity his co-conspirators dealt in was in excess of 1,000 kilograms of marijuana, and we will not disturb the findings unless clearly erroneous. United States v. Duarte, 950 F.2d 1255, 1265 (7th Cir.1991), cert. denied, 113 S.Ct. 174 (1992). The district court heard Mr. Unger's objections to the quantity of marijuana attributed to the conspiracy and rejected them in favor of the factual allegations presented by the government's evidence. We cannot say that it was clear error for the district court to rely on and adopt the evidence set forth in the presentence report in finding that the conspiracy dealt in excess of 1,000 kilograms of marijuana.
 
 C. Scope of conspiracy
 
 11
 Mr. Unger also contends that if the conspiracy involved 1,000 kilograms or more, the scope of the conspiracy was beyond the scope of his agreement with the co-conspirators and therefore, was unforeseeable to him. Under the Sentencing Guidelines, a conspirator is "criminally responsible for the 'total quantity of drugs the conspiracy can reasonably be estimated to have dealt in.' " United States v. Sergio, 934 F.2d 875, 878 (7th Cir.1991) (quoting United States v. Townsend, 924 F.2d 1385, 1389 (7th Cir.1991)); see U.S.S.G. § 1B1.3 n. 1. This includes all drugs which the defendant knew or should have reasonably foreseen were involved in the conspiracy's transactions during the period in which the particular conspiracy was in operation. United States v. Osborne, 931 F.2d 1139, 1150 (7th Cir.1991); Sergio, 934 F.2d at 878; United States v. Edwards, 945 F.2d 1387, 1394 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992).
 
 
 12
 The scope of the defendant's agreement with the other co-conspirators is critical in determining whether the conduct engaged in by co-conspirators was reasonably foreseeable. Edwards, 945 F.2d at 1392; Sergio, 934 F.2d at 878. In other words, a conspiracy defendant may be sentenced only on the basis of acts committed in furtherance of the conspiracy, as defined by the scope of defendant's agreement with the co-conspirators, and which were reasonably foreseeable to the defendant. Edwards, 945 F.2d at 1396; see Jewel, 947 F.2d at 233; U.S.S.G. § 1B1.3 n. 1. Thus, a defendant may be held responsible for the entire quantity of drugs distributed in a conspiracy, when the defendant has joined the conspiracy in its later stages, if these earlier transactions were reasonably foreseeable to him. Edwards, 945 F.2d at 1396-97.
 
 
 13
 Mr. Unger knew Sawyer had been involved in drug dealing when he associated himself with Sawyer. Between the beginning of 1986 and April of 1988, Mr. Hausknecht obtained marijuana from California through John Sawyer. Mr. Unger assisted Sawyer in this endeavor. (PSI Report p 6). Sawyer introduced Unger to Hausknecht and Bischel with whom Unger proceeded to supply marijuana. Based on these facts, it is not clearly erroneous for the court to conclude that Sawyer's transactions with Hausknecht and Bischel were foreseeable to Unger. The evidence presented in the presentence report and relied on by the district court supports a finding that Unger knowingly made himself a part of and demonstrated a commitment to a conspiracy which dealt in excess of 1,000 kilograms of marijuana. Hence, we agree that the scope of Unger's agreement with his co-conspirators was sufficiently broad to support a finding that it was reasonably foreseeable by Unger that the conspiracy involved 1,000 kilograms of marijuana. Accordingly, this amount was properly attributed to his base offense level.
 
 
 14
 For the foregoing reasons, we AFFIRM the district court's sentence of the defendant but REMAND for the full compliance with Rule 32(c)(3)(D) and direct the district court to attach a written record of the findings regarding the disputed facts.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 THE COURT: There being no other objections to the factual statements that are contained in the pre-sentence report the court will adopt these statements as its findings of fact
 (Sentencing Tr. at 46).
 
 
 [2]
 Attachment of a written record to the Presentence Report is a ministerial matter and the failure to comply does not require resentencing. United States v. Moran, 845 F.2d 135, 139 (7th Cir.1988); Eschweiler, 782 F.2d at 1391. However, we remind the district court that strict compliance with Rule 32(c)(3)(D) is not discretionary but mandatory. Id.; United States v. Rodriquez-Luna, 937 F.2d 1208, 1214 (7th Cir.1991)