**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 95-5744

ONTARIO LAMAR GAINEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-94-68-H)

Submitted: May 21, 1996

Decided: June 18, 1996

Before HAMILTON and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert D. Jacobson, Lumberton, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, J. Douglas McCul-
lough, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ontario Lamar Gainey was convicted of one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. § 846 (1988). On appeal, he contends the district court erred by denying his motions for judgment of acquittal, the Government failed to establish drug quantities for sentencing purposes by a preponderance of the evidence, and that he should have received a downward adjustment for being a minor participant in the drug conspiracy. Finding no error, we affirm.

Gainey was indicted with thirty-nine other defendants for taking part in a wide-ranging cocaine conspiracy. The conspiracy's admitted leader, Berry Bryant, testified that he sold cocaine base ("crack") to Gainey on a weekly basis for "nine to 12 months, about a year." Additionally, Dwayne Robinson testified that he sold crack he purchased from Bryant to Gainey for approximately one-and-a-half years. Robinson stated that Gainey "dealt drugs for me." Gainey moved for a judgment of acquittal at the close of the Government's evidence and at the close of all the evidence, but the district court denied both motions.

After conviction, Gainey objected to the amount of drugs attributed to him by the presentence report. He stated that he "denied his involve[ment] in the entire thing and he just doesn't think he should be attributed to any of it." Gainey offered no other basis for his objection. Additionally, Gainey requested a two-point downward adjustment under USSG § 3B1.2 (Nov. 1994) for being a minor or minimal participant. The district court denied both motions.

We review a district court's denial of a motion for judgment of acquittal under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 505 U.S. 1228

2

(1992). To sustain a conviction, the evidence viewed in the light most favorable to the government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1982). To support a conviction for conspiracy under 21 U.S.C. § 846, the Government must show the existence of a conspiracy and the defendant's knowledge of and voluntary joinder in that conspiracy. United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992). Once the existence of a conspiracy is shown, "the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction." Brooks, 957 F.2d at 1147 (citing United States v. Seni, 662 F.2d 277, 285 n. 7 (4th Cir. 1981), cert. denied, 455 U.S. 950 (1982)).

The Government presented sufficient evidence to sustain Gainey's conviction for conspiracy. The conspiracy's admitted leader, Bryant, testified that he sold drugs to Gainey on a weekly basis for "about a year." Additionally, Robinson testified that Gainey dealt drugs for him--drugs Robinson purchased from Bryant. While Gainey contends that this Court should seriously scrutinize Bryant and Robinson's testimony, the credibility of witnesses is an issue solely within the province of the jury. United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992), cert. denied, 506 U.S. 1066 (1993). Thus, the district court did not err in denying Gainey's motions for judgment of acquittal.

Next, we employ a clearly erroneous standard to review a district court's determination of drug amounts, United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990), and to review its factual findings upon a defendant's objection. United States v. McManus, 23 F.3d 878, 882 (4th Cir. 1994) (citing Fed. R. Crim. P. 32; United States v. Eschweiler, 782 F.2d 1385 (7th Cir. 1986)). While the Government bears the burden of proving the quantity of drugs by a preponderance of the evidence, Goff, 907 F.2d at 1444, a defendant challenging the amount bears the burden of showing its inaccuracy. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). A mere objection to the finding in the presentence report is insufficient. Id. Rather, the defendant has an affirmative duty to show that the information in the report is unreliable and articulate the reasons why its facts are inaccurate. Id. Without such an affirmative showing, the district court is "`free to

3

adopt the findings of the [presentence report] without more specific inquiry or explanation.'" Id. (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir. 1990)).

In challenging the drug quantities noted in the presentence report, Gainey failed to specifically articulate the reasons why they were erroneous. Rather, he merely stated that he "denied his involve[ment] in the entire thing and he just doesn't think he should be attributed to any of it." Such a conclusory allegation is insufficient to meet his affirmative duty to show that the presentence report's information was inaccurate. Thus, Gainey's claim is without merit.

Additionally, Gainey's claim that the district court failed to make specific factual findings as to the drug amounts after his objection also is without merit. Because Gainey failed to make an affirmative showing of the presentence report's inaccuracies, the district court was "`free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'" Id.

Finally, we review a district court's decision not to adjust downward under § 3B1.2 under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). Under § 3B1.2, a district court may grant a two-point downward adjustment if the defendant played a minor role in the offense. Brooks, 957 F.2d at 1149.

The district court did not clearly err in refusing to grant the adjustment. The trial testimony established that Gainey was involved in the Bryant conspiracy for at least a year and a half. His involvement did not comprise a single event, but an extended connection. Additionally, a drug seller in a drug conspiracy generally cannot be considered a minor participant. Id.

Accordingly, we affirm Gainey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4