91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martha MILLIGAN, Defendant-Appellant.
 No. 95-5436.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1996.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 94-00007; Thomas B. Russell, Judge.
 W.D.Ky.
 AFFIRMED.
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Martha Milligan asks this court to remand her case to the district court so that it can record findings on alleged factual inaccuracies in the Presentence Investigation Report. She concedes that neither her conviction nor sentence will be affected if the desired findings are entered, but insists that these findings are necessary because some unidentified organization--perhaps the Bureau of Prisons--may use the disputed information currently contained in the Report for an unknown purpose, that might adversely affect her interest. Because this case presents no basis for resentencing or remand, we will affirm the district court and decline Milligan's request.
 
 
 2
 Milligan asserts that the district court failed to adhere to the literal requirements of Federal Rule of Criminal Procedure 32 when it neglected to make a finding on alleged factual inaccuracies in the Report. Specifically, Milligan maintains that she contested the Report's indication that she "involved" her sister in a drug trafficking conspiracy, and that the court did not enter a finding on the accuracy of the Report's assertion or rule that the disputed matters would not be taken into account in sentencing. The Report reads, "[d]uring January, 1991, Ms. Milligan, her 16-year-old son, and her sister ... traveled to Jamaica ... they took possession of approximately 75 pounds (33.93 kilograms) of marijuana.... [I]n May, 1991, Ms. Milligan again took her son and sister, Sandra Smith, with her on a cruise from Miami, Florida to Jamaica, where they took possession of approximately 75 pounds (33.93 Kilograms) of marijuana...." J.A. at 85. To the contrary, Milligan maintains that her sister was a voluntary participant and the language in the Report suggesting that she coaxed or recruited her sister's participation is incorrect.[1]
 
 
 3
 Rule 32(c)(1) requires the district court to make and record findings on controverted matters in the Presentence Investigation Report to which a party objects. The purpose of the Rule is twofold: to protect a defendant's due process right to fair sentencing on accurate information; and to provide a clear record of the disposition and resolution of controverted facts for administrative agencies and courts to use in their subsequent decisionmaking process. United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986). In this case, Milligan argues that remand is necessary to satisfy only the second purpose.
 
 
 4
 The court provided Milligan with a downward departure well below the departure the government recommended, making it obvious that the question of Milligan's sister's involvement played little, if any, role in the court's sentence. Any consideration of that disputed fact surely would have resulted in a greater, not lesser, sentence for Milligan. Indeed, at oral argument, counsel for Milligan conceded that the sentence was not affected by the disputed facts. Accordingly, we find that "[b]ecause the controverted facts clearly did not form any part of the basis for the sentence, a remand for sentencing is not required." Id. at 1390.
 
 
 5
 With respect to the second purpose, we find that under the facts of this case the Defendant was not harmed by the alleged mischaracterization or the court's silence. Unlike the circumstances in Eschweiler, where, without the attached determination there would be no record that the defendant alleged the information to be false, here the Addendum to the Presentence Report submitted by the probation officer provides a record that Milligan has alleged the information to be erroneous. See J.A. at 95. Accordingly, the absence of a detailed appended court determination would not lead an agency to infer that the information was used in sentencing or that Milligan did not contest it.
 
 
 6
 Moreover, the distinction of fact upon which the Defendant desires a finding is de minimis, and at best of trivial relevance. Milligan has suggested that the use of language such as, "Ms. Milligan was accompanied by her sister," would satisfy her concerns. This language would be substituted for the language that states Milligan "took" her sister. We fail to recognize the relevant significance of this desired change. Thus, we do not surmise that any more or less weight could reasonably be accorded to one characterization over the other. Further, at oral argument, neither counsel for the Defendant nor the government could conceive of any tangible adverse effect the statement, as written, would have on Ms. Milligan. The goals behind Rule 32 do not mandate remand to a district court every contested issue not ruled upon by that court, without respect to the issue's significance. If, as in this case, the desired "clarification" will have no conceivable or articulable effect on a defendant's substantive rights, then the error is harmless and, under 28 U.S.C. § 2111, will not serve as a basis for reversal or remand. Accordingly, we find the district court's failure to address the challenged statement was harmless error.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Initially Milligan contested the description of her role in her son's involvement. Recognizing that he was her 16-year-old child, however, she has abandoned her challenge to the finding that she was responsible his actions