106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos FIGUEROA, Defendant-Appellant.
 No. 96-2451.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1996.*
Decided Jan. 10, 1997.
 
 Before CUMMINGS, WOOD, JR. and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Defendant-Appellant, Carlos Figueroa ("Figueroa"), pled guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and the district court sentenced him to 292 months imprisonment and 10 years of supervised release. After granting Figueroa's § 2255 motion, the court resentenced him to an identical sentence. Figueroa appeals his sentence, contending that the district court violated Federal Rule of Criminal Procedure 32 when resolving Figueroa's objection to a recommendation contained in the presentence report ("PSR"). He asks us to remand this case to the district court with an order directing the court to make certain findings and attach those findings to the PSR. Because we find that the district court has already made the determinations that Rule 32 requires, we affirm without ordering further proceedings.
 
 
 2
 The PSR prepared in connection with Figueroa's case recommended a two-point enhancement in his sentence for possession of a firearm in connection with a controlled substance offense. In making this recommendation, the probation officer preparing the PSR concluded that Figueroa could be held accountable for a gun that police found in one of Figueroa's co-conspirator's automobiles at the site of the failed drug transaction. Figueroa was not present at the attempted sale, which took place in Bradley, Illinois. Instead, he was arrested at his home in Milwaukee, Wisconsin. Both Figueroa and the government objected to this recommendation, contending that because Figueroa was not physically present at the site where the police found the gun, he could not be held accountable. Pursuant to Federal Rule of Criminal Procedure 32, Figueroa requested that the court hold an evidentiary hearing to resolve the conflict between the PSR and Figueroa's allegations or make an express finding that it would not consider the contested paragraph in sentencing Figueroa. The court denied Figueroa's request, finding, instead, that the disputed matter would not affect Figueroa's sentence.
 
 
 3
 At the outset, we note that in his brief Figueroa asserts that the district court violated his rights under Federal Rule of Criminal Procedure 32(c)(3)(D). However, Rule 32(c)(3)(D) was amended in 1994 and redesignated as Rule 32(c)(1). The district court resentenced Figueroa on January 12, 1996, more than one year after the amendment became effective. Therefore, we must construe Figueroa's challenge as asserting that the district court violated Rule 32(c)(1). United States v. Cureton, 89 F.3d 469, 472 (7th Cir.1996).[1]
 
 
 4
 Rule 32 protects a defendant's due process rights by ensuring that his sentence is based on accurate information and ensures that the court provides a clear record of the disposition and resolution of controverted facts in the PSR. United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986). It provides that at sentencing the court must afford defense counsel and the government's counsel an opportunity to comment on the PSR and sets forth the manner in which the court must resolve objections to the PSR. It states:
 
 
 5
 For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing.
 
 
 6
 Fed.R.Crim.P. 32(c)(1) (emphasis added).
 
 
 7
 A defendant is entitled to resentencing for a violation of Rule 32 if the court failed to make the findings specified in the rule, unless the record demonstrates that the court did not rely on the disputed matter in sentencing the defendant. See Eschweiler, 782 F.2d at 1389-90. Although resentencing may be unnecessary for such a ministerial violation of Rule 32, remand for further proceedings may be required to clarify the record so that it provides a complete and accurate record of the information upon which the sentencing court relied. United States v. Villasenor, 977 F.2d 331, 339 (7th Cir.1992); Eschweiler, 782 F.2d at 1390.
 
 
 8
 In the instant appeal, Figueroa contends that the court's determination with respect to his objection to the firearm enhancement was inadequate under Rule 32 because the court did not state that it would not consider the disputed recommendation in sentencing him. Contrary to Figueroa's assertions, however, the district court's determination adequately complied with Rule 32. Both orally at the sentencing hearing and in its Order on Final Disposition the district court correctly determined that "no determination concerning these matters is necessary because such a determination would not affect the sentence." (Order on Final Disposition at 1; see also Tr. of 6/10/96 Hr'g at 16-17). The unambiguous language of Rule 32(c)(1) states that a court may resolve an objection to the PSR by determining that no finding with respect to the disputed matter is necessary because the disputed matter would not affect the defendant's sentence. Therefore, the district court's determinations complied with Rule 32.
 
 
 9
 Despite the clear language of Rule 32, Figueroa argues that statements in several of our opinions limit a court's ability to resolve objections under Rule 32 to either holding an evidentiary hearing or making a determination that the court will not rely on the disputed matter in sentencing the defendant. (Def.'s Br. at 13-14) (citing United States v. Rodriguez-Luna, 937 F.2d 1208, 1214 (7th Cir.1991); United States v. Jewel, 947 F.2d 224 (7th Cir.1991); United States v. Montoya, 891 F.2d 1273, 1279 (7th Cir.1989)). However, we decided these cases under the old version of Rule 32 which did not include the "or will not affect sentencing" language emphasized above. Fed.R.Crim.P. 32 Advisory Committee Notes 1994 Amendments (recognizing that "the words 'will not affect' did not exist in the former provision"). Instead, it provided only that the court could make "(i) a finding as to each allegation or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Therefore, any language in these cases suggesting that the court must determine that it will not rely on a disputed matter does not support Figueroa's argument. Rather, these cases hold that in resolving an objection to the PSR, the court must make whatever express findings Rule 32 directs it to make.
 
 
 10
 Unlike the old rule, Rule 32(c)(1) simply requires "a finding with respect to each challenge or a determination that no finding is necessary." Cureton, 89 F.3d at 473. Therefore, the district court's determination that a finding with respect to Figueroa's challenge to the firearm enhancement would not affect his sentence satisfied Rule 32(c)(1)'s requirements. Because the district court made the determinations that Rule 32 requires, Figueroa is not entitled to further proceedings. United States v. Moran, 845 F.2d 135, 139 (7th Cir.1988).
 
 
 11
 Even if we were to agree with Figueroa that the district court's determination was technically inadequate under Rule 32, that inadequacy would amount to nothing more than a ministerial violation. Figueroa argues that despite its pronouncement that the disputed matter would not affect Figueroa's sentence, the district court's later statements indicate that the court did rely on the disputed matter in resentencing him. In support of this contention, he points to the district court's statements that:
 
 
 12
 I respectfully disagree that he cannot be held accountable for a firearm being used in this offense. It is just common knowledge that drugs and guns go together, and if someone is carrying five kilograms of a controlled substance, it is entirely foreseeable that he will have a firearm.
 
 
 13
 (Tr. of 6/10/96 Hr'g at 20). However, we cannot agree with Figueroa's characterization of these statements. When read in context with the entire record, these statements seem to be little more than the court's continuing colloquy with defense counsel. The court made them after determining that no finding was necessary. Additionally, after stating that a finding concerning Figueroa's objections was unnecessary, the district court stated that Figueroa's offense level was 35 because he was a career offender. Therefore, whether or not Figueroa was subject to the two-point enhancement the court would have imposed the same sentence. Because the record clearly demonstrates that the district court did not rely on the disputed enhancement in determining Figueroa's offense level, the district court did not violate Figueroa's due process rights under Rule 32. United States v. Slaughter, 900 F.2d 1119, 1123 (7th Cir.1990) (rejecting Rule 32 challenge where the court did not make an express finding that it would not rely on the disputed matters but did make it sufficiently clear that the disputed facts would not affect the sentence). As such, any violation of Rule 32 would amount to ministerial error at most.
 
 
 14
 As we explained in Eschweiler, we will remand to clarify a ministerial violation of Rule 32 only if remand is necessary to fulfill Rule 32's goal of providing appellate courts and administrative agencies with accurate information upon which to rely in making decisions regarding the defendant. Eschweiler, 782 F.2d at 1390. In Eschweiler, we remanded the case for further findings because the record failed to show that the defendant objected to the disputed portions of the PSR and that the court made no determination with respect to the disputed matters. Id. at 1390-91. Accordingly, we reasoned that Bureau of Prison officials could infer that the information in the PSR was correct and that the court relied on it in sentencing the defendant. Id.
 
 
 15
 Here, on the other hand, the record clearly reveals Figueroa's objection to the two-point enhancement and reveals that the court did not determine the veracity of the disputed portion of the PSR. The Order on Final Disposition, a copy of which the district court must attach to any copy of the PSR that it delivers to the Bureau of Prisons, states that Figueroa objected to the two-point firearm enhancement and that the court did not make any determination concerning Figueroa's objections. Therefore, any prison official viewing Figueroa's "resume" will be able to ascertain that Figueroa challenged the PSR finding that he was subject to the firearm enhancement and that the court did not resolve this conflict one way or the other. Thus, unlike in Eschweiler, Bureau of Prison officials will not be able to infer that the court determined that the information contained in the PSR was accurate.
 
 
 16
 In essence, Figueroa does not argue that the district court violated Rule 32 when resolving his objections. Rather, he argues that the court did not resolve his objection in the way he would have liked it resolved. Rule 32 mandates that the district court resolve a defendant's objections to information contained in the PSR by either making findings with respect to those objections or determining that findings are unnecessary on the basis of either of two alternative grounds. Here, the court determined that findings with respect to Figueroa's objection were unnecessary on the basis of one of these alternative grounds. Figueroa would have preferred that the court make findings with respect to his allegations or that the court determine that findings were unnecessary on the basis of the other alternative ground. Unfortunately for him, Rule 32 does not give him the option of electing which method the court will use to resolve his objections. That decision lies with the court.
 
 
 17
 Because the district court complied with Rule 32's requirements and because the record provides an accurate and complete record of the circumstances surrounding Figueroa's sentence, no further proceedings are required and Mr. Figueroa's sentence is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Even if Figueroa could invoke old Rule 32, which was in effect at the time of his original sentencing, it would not save his claim. Unlike the amended rule, old Rule 32(c)(3)(D) only required the court to make findings with respect to "factual inaccuracies." Fed.R.Crim.P. 32(c)(3)(D). Figueroa does not contest the factual information contained in the PSR. Rather, he only takes issue with the legal conclusion that the probation officer drew from it. Thus, he would not be entitled to written findings under the old rule. United States v. Johnson, 903 F.2d 1084, 1092 (7th Cir.1990) (court is not required to make written findings concerning nonfactual challenges)