**UNITED STATES of America, Plaintiff,**

v.

**John MATHEWSON, Defendant.**

**No. 92–1054–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 27, 1993.

William C. White, Asst. U.S. Atty., Miami, FL, Robert L. Welsh, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

Jerrell A. Breslin, Miami, FL, for defendant.

### ORDER DENYING MOTION FOR DISSOLUTION OF LIEN

EDWARD B. DAVIS, District Judge.

Before the Court is Defendant's Motion for Dissolution of Lien and Return of Surety. (D.E. 54.)

The United States is suing the Defendant, John Mathewson, for allegedly failing to pay his income taxes. On February 20, 1993, the Defendant was seized under a Writ of Ne Exeat Republica. Shortly thereafter, the Court modified the terms of the Writ, imposing a $1,000,000.00 personal surety bond with a 10% deposit requirement. (*See* Mem. & Order of Feb. 25, 1993.) The Defendant complied with the bond terms by delivering a cashier's check for $100,000.00, which listed Guardian Bank & Trust (Cayman) Ltd. as remitter. The Clerk issued a receipt to "John Mathewson c/o Guardian Bank & Trust (Cayman)."

Ultimately, upon motion, the Court dissolved the Writ entirely and discharged the bond. (Order Dissolving Writ, Mar. 18, 1993.) The next day, the Internal Revenue Service served a Form 668–A Notice of Levy upon the Clerk of the Court. (D.E. 51.) The Notice explains that Mr. Mathewson owes

over $11,000,000 in taxes, and demands that the Court surrender to the IRS the money held on his behalf.

Now the Defendant asks the Court to return the $100,000 deposit rather than honor the IRS' levy. He argues that the Government may only levy his property, and that the funds in the Court's registry are not his, so the funds must be returned. In support of the Motion, the Defendant supplies the affidavit of Martin O'Neill. Mr. O'Neill claims that the deposited money is his; ostensibly, he advanced the funds on the Defendant's behalf, but never surrendered his rights to them. Mr. O'Neill's claim is corroborated by a letter from Robert O'Moyle, Senior Vice President of Guardian Bank and Trust (Cayman) Ltd.

The Defendant misconstrues the nature of an administrative levy. The levy action does not settle rights to the seized property; it merely preserves the property to satisfy the debt owed to the Government. *United States v. National Bank of Commerce*, 472 U.S. 713, 728, 105 S.Ct. 2919, 2928, 86 L.Ed.2d 565 (1985). Other claimants may bring a separate civil action against the United States for the return of their property. *See id.* (discussing claims through 26 U.S.C. §§ 6343(b), 7426); *United States v. Doyal*, 462 F.2d 1357, 1358 (5th Cir.1972). Indeed, to the extent this Motion is based on Mr. O'Neill's rights, the Defendant's standing is dubious. Accordingly, it is

ORDERED AND ADJUDGED that the Motion is DENIED. In compliance with the Internal Revenue Service's Notice of Levy, the Clerk shall surrender to the United States Internal Revenue Service any funds held in the Court's registry on behalf of the Defendant, John Mathewson.

DONE and ORDERED.